11-169-cv
Lissauer v. Fireman's Fund Insurance Companies

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
              *Circuit Judges*,
         ROSLYNN R. MAUSKOPF,*
              *District Judge.*

_____

SHARON LISSAUER,

              *Plaintiff-Appellant*,

    -v.-                      11-169-cv

FIREMAN'S FUND INSURANCE COMPANIES,

              *Defendant-Appellee.*

_____

FOR APPELLANT:    ALAN C. MILSTEIN, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., Moorestown, N.J.

---

* Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:     EVAN H. KRINICK (Stuart M. Bodoff, *on the brief*), Rivkin Radler LLP, Uniondale, N.Y.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), which granted Appellee Fireman's Fund Insurance Companies' motion for summary judgment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant Sharon Lissauer invested with Bernard Madoff Investment Securities for almost twenty years.  When Madoff's Ponzi scheme unraveled in the fall of 2008, Lissauer suffered significant losses.  Lissauer sought coverage for those losses under a homeowner's insurance policy issued to her by American Insurance Company, one of the Fireman's Fund Insurance Companies.  The carrier denied coverage, but offered and did pay the policy's money sub-limit of $2,000 for each of three policy years, totaling $6,000, under a full reservation of rights.

2

Lissauer then sued in the United States District Court for the Southern District of New York for, among other things, a declaration that her Madoff losses were covered under the policy.  The district court granted the carrier's summary judgment motion, finding that even if Lissauer's investments constituted personal property within the meaning of the policy, coverage was unavailable because her property did not suffer a "direct physical loss."  Lissauer now appeals the district court's grant of summary judgment to the insurance company.

We review a district court's grant of summary judgment *de novo* and construe all evidence in the light most favorable to the non-moving party.  *See Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).  "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We find no error in the district court's grant of summary judgment.  Even assuming that Lissauer suffered the loss of an intangible "account," Lissauer cannot demonstrate that the account suffered a "direct physical loss," as

3

required for coverage under the policy.  *See* 10A Couch on Insurance § 148:46 (3d ed. 2011).

After a thorough review of the record, we find Lissauer's remaining arguments to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4